LOURIE, Circuit Judge
concurring.
I concur in the decision of the court not to rehear this case en banc. I do so, even though I agree that the panel erred in construing the claim limitation “a therapeutically effective amount.” In my view, the panel dissent by Chief Judge Michel was correct, as was the decision by the district court and the current dissent by Judge Newman. However, I do not believe that every error by a panel is enban-cable. A panel is entitled to err without the full court descending upon it.
Federal Rule of Appellate Procedure 35(a) provides that “[a]n en banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court’s decisions; or (2) the proceeding involves a question of exceptional importance.” Our Internal Operating Procedures (“IOPs”) state that “[a]mong the reasons for en banc actions are: (1) necessity of securing or maintaining uniformity of decision; (2) involvement of a question of exceptional importance; (3) necessity of overruling a prior holding of this or a predecessor court expressed in an opinion having prece-dential status; or (4) the initiation, continuation, or resolution of a conflict with another circuit.” IOP 13(2).
This issue is thus enbancable only on the uniformity or exceptional importance grounds. However, the interpretation of “a therapeutically effective amount” with respect to this particular patent specification seems to me to be case-specific, and it does not therefore raise a question of uniformity of decision or exceptional importance. The term, while in my view incorrectly construed by the majority of the panel, does not necessarily apply to specifications of other patents. In addition, while the result may be of exceptional importance to the parties, it does not seem to be so to the law.
I therefore concur in the decision of the court not to rehear the case en banc, al *1044 though I disagree with the majority’s holding.